# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

DOC# 04CV1063MEL

HENRY J. GRAVES, HRG ASSOCIATED
ALLIANCES REAL ESTATE SCHOOLS INC.

V.

DENISE R. ALLEN, ET AL

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
**Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure**

NOW COMES, Denise R. Allen, and states the following in support of her motion to dismiss:

**FACTS:**

1. Plaintiff files this action in his individual capacity and as the representative of a business, both located in Boston, Massachusetts. All the defendants are also citizens of the Commonwealth.

2. This matter emanates from a real estate transaction, for the sale of a property located on Normandy Street in Dorchester, Massachusetts.
Defendant Denise Allen, a 57 year old female, entered into a broker agreement with plaintiff, Henry J. Graves, on July 22, 2003. Defendant Allen hired Plaintiff Graves to assist her with the sale of her home.

1

3. They selected a buyer, Mr. And Mrs. Carlton Brown of Boston, and signed a purchase and sale agreement on October 6, 2003. Plaintiff warranted within said agreement that he is a licensed broker (see exhibit B attached). At that time Defendant Allen was not represented by counsel.

4. The purchase price agreed upon was $350,000.00, for a three family home located in Roxbury, Massachusetts. The fair market value of the property greatly exceeds this sum and is approximately $450,000.00

5. The original purchase and sale agreement listed a closing date of November 20, 2003. This date was not adhered to.

6. Defendant Darryl D. Malden is an attorney duly licensed to practice law in the Commonwealth of Massachusetts.
Ms. Allen consulted Defendant Darryl Malden and retained him as counsel on or around January 1, 2004.

7. Defendant Malden contacted all parties to the transaction for a status update, including Plaintiff. In addition to the terms of the purchase and sale agreement, Defendant Malden made inquiries about the terms of the broker agreement. The agreement provided for Defendant Allen to pay Plaintiff a fee of 6% of the sales price. Defendant Malden attempted to renegotiate this fee for his client to coincide with more favorable rates that were customary and available in the market at that time. Plaintiff did not agree to a fee reduction.

8. Defendant Allen had a medical condition, which required a lengthy hospitalization during the month of January. On January 5, 2004, Plaintiff, without contacting client's counsel/ Defendant Malden, visited Defendant Allen in the hospital to have her sign an extension to the sale agreement. The closing date was extended to February 18, 2004.

9. Throughout the month of January the parties engaged in the collecting and processing of documents in preparation for the closing.

10. On or around February 2, 2004, Defendants discovered that Plaintiff's license had been revoked, effective March 12, 2003 (exhibit A). Defendant Allen and counsel informed Plaintiff that the broker agreement would terminate.

11. Plaintiff committed fraud by knowingly and intentionally making false representations pertaining to his professional status. Defendant Allen relied on Plaintiff's statement. His actions and conduct were not in good faith.

12. The parties continued negations in an attempt to resolve the matter and proceed with the sale. However Plaintiff's situation posed an impediment, which tainted the transaction. Plaintiff refused to cooperate and was unwilling to sign the necessary documentation to withdraw from the deal. Plaintiff's actions caused all negotiations to break down. The closing attorney could not move forward with Plaintiff as a party to the transaction.

13. Defendant Allen was eventually forced to enter into a purchase and sale agreement with alternative buyers, to prevent a foreclosure of her property. Her bank had commenced foreclosing proceedings during or around November 2003. All parties were informed of this dilemma and the urgency.

14. Plaintiff refused to return funds held by him in escrow and has retained $3,000.00 of the original buyers' deposit.

15. Except for the buyers, all parties to the original sale transaction have been named as defendants in Plaintiff's complaint. They include the buyers' lender ("All State Mortgage Company"), the buyers' loan officer ("Nur Mohammed") and the closing attorney's office ("Devine, Barrows and Devine").

**ISSUE:**

Whether Plaintiff has a claim against Defendant Allen under the RICO Act and contract law.?

**ARGUMENT:**

Pursuant to Rule 12 (b), Plaintiff's claim must be dismissed because (1) the federal court does not have subject matter jurisdiction and (2) Plaintiff fails to state any legal claims for which relief could be granted.

I.     **LACK OF SUBJECT MATTER JURISDICTION.**

For the Federal Court to have jurisdiction a complaint must contain a federal question or complete diversity of the parties. This matter involves a contractual dispute between the parties to a residential real estate transaction. The property is located in the Commonwealth; the plaintiff and all Defendants are citizens of this state; and all dealings occurred in this locus. There are no outside entities involved. Furthermore a diversity action requires the disputed damages to be in excess of $75,000.00, which is a threshold not met by Plaintiffs complaint.

II    **PLAINTIFF FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiff fails to allege sufficient facts to support any legal claim. The court has held that the pleader must allege facts that satisfy each element required for a recovery under some actionable legal theory. In Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996, the court stated that a litigant's obligations in the federal courts, while minimal, are not "toothless'. Plaintiff docs not have a cause of action against Defendant Allen under the Rico Act or contract law.

4

The Federal Code, §18 U.S.C. 1961, defines "racketeering activity" as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical..., which is chargeable under the State law and punishable by imprisonment for more than one year,". In addition, the Code defines as racketeering a lengthy list of enumerated offenses which are indictable under the provisions of Title 18 of the United States Code, such as counterfeiting and embezzlement . The congress has stated that the purpose of the RICO Act is to "seek the eradication of organized crime in the United States by strengthening new penal prohibitions, and by providing enhanced sanctions and new remedies to deal with the unlawful activities of those engaged in organized crime." Section 1 of Pub. L. 91-452.

Clearly the RICO Act has no relevance or application in this matter. Plaintiff is seeking relief for a broker agreement (contract) which was terminated. There are no implications or explicit allegations of organized crime.

Plaintiff fails to allege sufficient facts to support a claim against defendant Allen under the laws of contract. The Parties entered into a broker-agreement. Defendant Allen terminated her relationship with Plaintiff after she discovered that Plaintiff's broker license had been revoked (see Exhibit A). Plaintiff committed fraud and intentionally and knowingly made false and deceptive misrepresentations. His claims against Defendant Allen are without merit. However, if he elects to challenge her, the proper forum would be the State district court, because the federal court does not have subject matter jurisdiction.

### III   COURT MUST ASSESS SANCTIONS AGAINST PLAINTIFF PURSUANT TO RULE 11 OF THE FEDERAL RULES FOR THE FILING OF A CLAIM THAT IS FRIVOLOUS AND WITHOUT MERIT.

Plaintiff was doing business as an unlicensed broker, in violation of Massachusetts' law. Plaintiff intentionally and knowingly misled Defendant Allen and

5

other defendants with regards to his professional standing. Defendant Allen, to her detriment, relied upon Plaintiff's false misrepresentations and his substandard professional efforts.

Upon discovering Plaintiff's fraud, Defendant Allen terminated her business relationship with the broker. Plaintiff subsequently filed this action against Defendant Allen, her attorney, and all other parties involved in the real estate transaction. Plaintiff refused to return $3,000.00 paid by the aggrieved buyers (the Brown family) as a deposit. Plaintiff's actions have been irresponsible, unfair and deceptive. He has displayed blatant disregard for the law and he has abused the legal process.

The defendants must not be held responsible for the costs incurred in defending this frivolous action. Therefore, Defendant Allen requests that sanctions imposed by the court include costs and legal fees. Plaintiff's actions and conduct must be deterred and penalized.

## CONCLUSION

For the above stated reasons Plaintiff's claim is frivolous and without merit and must be dismissed.

Dated: 04/25/04

Respectfully submitted
Denise R. Allen

Darryl D. Malden
Katia Schuster
90 Warren Street, Suite 400
Boston, MA 02119
(617) 645-6507
BBO# 648299
BBO# 649011

## CERTIFICATE OF SERVICE

I, Katia Schuster, hereby certify that I served a copy of the within Memorandum in Support of Motion to Dismiss to Plaintiff, Henry J. Graves, by delivering/ mailing the same to the following address: 67-69 Devon Street in Roxbury, MA 02121.

Dated: 04/25/04

Katia Schuster, Esq.

# EXHIBIT A



| | | |
|---|---|---|
| MITT ROMNEY<br>GOVERNOR<br><br>KERRY HEALEY<br>LIEUTENANT GOVERNOR | **Commonwealth of Massachusetts**<br>**Division of Professional Licensure**<br>239 Causeway Street • Boston, Massachusetts 02114 | BETH LINDSTROM<br>DIRECTOR, OFFICE OF<br>CONSUMER AFFAIRS & BUSINESS<br>REGULATION<br><br>ANNE L. COLLINS<br>DIRECTOR, DIVISION OF<br>PROFESSIONAL LICENSURE |

BOARD OF REGISTRATION OF REAL ESTATE BROKERS AND SALESMEN

This is to certify that:

Henry Graves
67-69 Devon St.
P O Box 3243
Boston, MA. 02101

License Number: 58837

The above individual or business entity was originally issued a Broker license on 3/1/1968, by examination.

This license is not in good standing, the expiration date is 5/12/2003.

3 complaints have been filed against the Licensee.*

Complaint Status: 3 Complaints - 2 Closed Complaints - No Violaton  1 Closed - License Revoked

Active/Inactive status: Not applicable**

Not in good standing due to Revocation of license effective 5/12/2003

In testimony whereof:

I have set my hand and affixed the official seal of the Board, at Boston, Massachusetts, this day, 2/9/2004.

_____
Joseph R. Autilio
Executive Director

Rec: 4941

---

* If a complaint is indicated, you may contact the Division of Professional Licensure Office of Investigation at (617)-727-7406 for further information.
** Commencing with licenses that are renewed on or after January 1, 1999, all licensees who wish to maintain an active license must complete 12 hours of continuing education within 24 months prior to the renewal date. Prior to 1-1-99 all licensees were, in effect, active unless otherwise recorded above. Massachusetts attorneys are exempt. Licensees who obtained the Massachusetts license by reciprocity may complete the requirement in this state *or* an approved program in their home state. Active status does not equate to actively practicing or being affiliated with a Broker. Rather, it simply means the continuing education was completed. Conversely, a licensee holding an inactive license may not practice or real estate. Inactive is the same as unlicensed, except that a referral fee may be received. Unless otherwise recorded above, active, inactive, and expired status verification by this certification extends back to 11/06/1998. The Board does not maintain employment status or history.

PHONE - 617-727-8511                     FAX - 617-727-2197                     WEB - http://www.mass.gov/reg

# EXHIBIT B

**STANDARD FORM**
**PURCHASE AND SALE AGREEMENT**

From the Office of:
Henry J. Graves GRRHRG Real Estate
67-69 Devon St. Pob 3243
J.W. McCormack P.O. Curthse
Boston, Ma. 02101

This <u>sixth (6th)</u> day of <u>October</u>, 20<u>08</u>

1. **PARTIES AND MAILING ADDRESSES** (fill in)

    Denise R. Allen Of Suffolk County Ma.
    hereinafter called the SELLER, agrees to SELL and
    Carlton F Brown and PATRICIA BROWN of Suffolk County Ma
    730 Morton Street
    Mattapan, Massachusetts 02126
    hereinafter called the BUYER or PURCHASER, agrees to BUY, upon the terms hereinafter set forth, the following described premises. ~~Carlton Brown and Patricia Brown~~

2. **DESCRIPTION** (fill in and include title reference)

    93 Normandy Street Dorchester, "(Suffolk County" Massachusett
    A Three family (fram dwelling  with abbutter lot
    consisting of approximately                    square feet more or less

3. **BUILDINGS, STRUCTURES, IMPROVEMENTS, FIXTURES** (fill in or delete)

    Included in the sale as a part of said premises are the buildings, structures, and improvements now thereon, and the fixtures belonging to the SELLER and used in connection therewith including, if any, all wall-to-wall carpeting, drapery rods, automatic garage door openers, venetian blinds, window shades, screens, screen doors, storm windows and doors, awnings, shutters, furnaces, heaters, heating equipment, stoves, ranges, oil and gas burners and fixtures appurtenant thereto, hot water heaters, plumbing and bathroom fixtures, garbage disposers, electric and other lighting fixtures, mantels, outside television antennas, fences, gates, trees, shrubs, plants and, ONLY IF BUILT IN, refrigerators, air conditioning equipment, ventilators, dishwashers, washing machines and dryers; and

    but excluding

4. **TITLE DEED** (fill in)
    *Include here by specific reference any restrictions, easements, rights and obligations in party walls not included in (b), leases, municipal and other liens, other encumbrances, and make provision to protect SELLER against BUYER's breach of SELLER's covenants in leases, where necessary.

    Said premises are to be conveyed by a good and sufficient quitclaim deed running to the BUYER, or to the nominee designated by the BUYER by written notice to the SELLER at least seven           days before the deed is to be delivered as herein provided, and said deed shall convey a good and clear record and marketable title thereto, free from encumbrances, except
    (a) Provisions of existing building and zoning laws;
    (b) Existing rights and obligations in party walls which are not the subject of written agreement;
    (c) Such taxes for the then current year as are not due and payable on the date of the delivery of such deed;
    (d) Any liens for municipal betterments assessed after the date of this agreement;
    (e) Easements, restrictions and reservations of record, if any, so long as the same do not prohibit or materially interfere with the current use of said premises;
    *(f)

5. **PLANS**

    If said deed refers to a plan necessary to be recorded therewith the SELLER shall deliver such plan with the deed in form adequate for recording or registration.

6. **REGISTERED TITLE**

    In addition to the foregoing, if the title to said premises is registered, said deed shall be in form sufficient to entitle the BUYER to a Certificate of Title of said premises, and the SELLER shall deliver with said deed all instruments, if any, necessary to enable the BUYER to obtain such Certificate of Title.

7. **PURCHASE PRICE** (fill in); space is allowed to write out the amounts if desired

    The agreed purchase price for said premises is Three Hundreth fifty thousand
    ($350,000.00) and 00/100----Dallors

    dollars, of which

    $ ,000.00        have been paid as a deposit this day and
    $ ,000.00 m      at time of execution of Purchase & Sales Agr
    $                are to be paid at the time of delivery of the deed in cash, or by certified,
       xxxxxx        cashier's, treasurer's or bank check(s).
    xxxxxxxxxxxxxx
    $345,000.00
    $350,000.00      TOTAL



EQUAL HOUSING
OPPORTUNITY

COPYRIGHT © 1979, 1984, 1986, 1987, 1988, 1991,
Rev. 1999
GREATER BOSTON REAL ESTATE BOARD
Form ID: RA151  PD: 04/02-7500

All rights reserved. This form may not be copied or reproduced in whole or in part in any manner whatsoever without the prior express written consent of the Greater Boston Real Estate Board.

| | | |
|---|---|---|
| 8. | TIME FOR PERFORMANCE DELIVERY OF DEED *(fill in)* | Such deed is to be delivered at 2:00 (two) o'clock P.M. on the 20 (Twenty) day of November 03 at the ____ k Registry of Deeds, unless otherwise agreed upon in writing. It is agreed that time is of the essence of this agreement. |
| 9. | POSSESSION and CONDITION of PREMISE *(attach a list of exceptions, if any)* | Full possession of said premises free of all tenants and occupants, except as herein provided, is to be delivered at the time of the delivery of the deed, said premises to be then (a) in the same condition as they now are, reasonable use and wear thereof excepted, and (b) not in violation of said building and zoning laws, and (c) in compliance with the provisions of any instrument referred to in clause 4 hereof. The BUYER shall be entitled personally to enter said premises prior to the delivery of the deed in order to determine whether the condition thereof complies with the terms of this clause. |
| 10. | EXTENSION TO PERFECT TITLE OR MAKE PREMISES CONFORM *(Change period of time if desired).* | If the SELLER shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, then any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto, unless the SELLER elects to use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, or to make the said premises conform to the provisions hereof, as the case may be, in which event the SELLER shall give written notice thereof to the BUYER at or before the time for performance hereunder, and thereupon the time for performance hereof shall be extended for a period of thirty days. |
| 11. | FAILURE TO PERFECT TITLE OR MAKE PREMISES CONFORM, etc. | If at the expiration of the extended time the SELLER shall have failed so to remove any defects in title, deliver possession, or make the premises conform, as the case may be, all as herein agreed, or if at any time during the period of this agreement or any extension thereof, the holder of a mortgage on said premises shall refuse to permit the insurance proceeds, if any, to be used for such purposes, then any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto. |
| 12. | BUYER's ELECTION TO ACCEPT TITLE | The BUYER shall have the election, at either the original or any extended time for performance, to accept such title as the SELLER can deliver to the said premises in their then condition and to pay therefore the purchase price without deduction, in which case the SELLER shall convey such title, except that in the event of such conveyance in accord with the provisions of this clause, if the said premises shall have been damaged by fire or casualty insured against, then the SELLER shall, unless the SELLER has previously restored the premises to their former condition, either<br>(a) pay over or assign to the BUYER, on delivery of the deed, all amounts recovered or recoverable on account of such insurance, less any amounts reasonably expended by the SELLER for any partial restoration, or<br>(b) if a holder of a mortgage on said premises shall not permit the insurance proceeds or a part thereof to be used to restore the said premises to their former condition or to be so paid over or assigned, give to the BUYER a credit against the purchase price, on delivery of the deed, equal to said amounts so recovered or recoverable and retained by the holder of the said mortgage less any amounts reasonably expended by the SELLER for any partial restoration. |
| 13. | ACCEPTANCE OF DEED | The acceptance of a deed by the BUYER or his nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed. |
| 14. | USE OF MONEY TO CLEAR TITLE | To enable the SELLER to make conveyance as herein provided, the SELLER may, at the time of delivery of the deed, use the purchase money or any portion thereof to clear the title of any or all encumbrances or interests, provided that all instruments so procured are recorded simultaneously with the delivery of said deed. |
| 15. | INSURANCE *"Insert amount (list additional types of insurance and amounts as agreed)* | Until the delivery of the deed, the SELLER shall maintain insurance on said premises as follows:<br>*Type of Insurance* as at present    *Amount of Coverage* as at an at pesent<br>(a) Fire and Extended Coverage    *$ as at and at present<br>(b) |
| 16. | ADJUSTMENTS *(list operating expenses, if any, or attach schedule)* | Collected rents, mortgage interest, water and sewer use charges, operating expenses (if any) according to the schedule attached hereto or set forth below, and taxes for the then current fiscal year, shall be apportioned and fuel value shall be adjusted, as of the day of performance of this agreement and the net amount thereof shall be added to or deducted from, as the case may be, the purchase price payable by the BUYER at the time of delivery of the deed. Uncollected rents for the current rental period shall be apportioned if and when collected by either party. |

COPYRIGHT © 1979, 1984, 1986, 1987, 1988, 1991 GREATER BOSTON REAL ESTATE BOARD All rights reserved.

| | | |
|---|---|---|
| 17. | ADJUSTMENT OF UNASSESSED AND ABATED TAXES | If the amount of said taxes is not known at the time of the delivery of the deed, they shall be apportioned on the basis of the taxes assessed for the preceding fiscal year, with a reapportionment as soon as the new tax rate and valuation can be ascertained; and, if the taxes which are to be apportioned shall thereafter be reduced by abatement, the amount of such abatement, less the reasonable cost of obtaining the same, shall be apportioned between the parties, provided that neither party shall be obligated to institute or prosecute proceedings for an abatement unless herein otherwise agreed.  prorated from date deed execution |
| 18. | BROKER's FEE (fill in fee with dollar amount or percentage; also name of Brokerage firm(s)) | A Broker's fee for professional services of six percent is due from the SELLER to Allen; <br><br> the Broker(s) herein, but if the SELLER pursuant to the terms of clause 21 hereof retains the deposits made hereunder by the BUYER, said Broker(s) shall be entitled to receive from the SELLER an amount equal to one-half the amount so retained or an amount equal to the Broker's fee for professional services according to this contract, whichever is the lesser. |
| 19. | BROKER(S) WARRANTY (fill in name) | The Broker(s) named herein Henry J. Graves warrant(s) that the Broker(s) is (are) duly licensed as such by the Commonwealth of Massachusetts. |
| 20. | DEPOSIT (fill in name) | All deposits made hereunder shall be held in escrow by Henry J. GRAVES GRRHRG Real estate as escrow agent subject to the terms of this agreement and shall be duly accounted for at the time for performance of this agreement.  In the event of any disagreement between the parties, the escrow agent may retain all deposits made under this agreement pending instructions mutually given in writing by the SELLER and the BUYER. |
| 21. | BUYER's DEFAULT; DAMAGES | If the BUYER shall fail to fulfill the BUYER's agreements herein, all deposits made hereunder by the BUYER shall be retained by the SELLER as liquidated damages unless within thirty days after the time for performance of this agreement or any extension hereof, the SELLER otherwise notifies the BUYER in writing. |
| 22. | RELEASE BY HUSBAND OR WIFE | The SELLER's spouse hereby agrees to join in said deed and to release and convey all statutory and other rights and interests in said premises.  Not Applicable |
| 23. | BROKER AS PARTY | The Broker(s) named herein join(s) in this agreement and become(s) a party hereto, insofar as any provisions of this agreement expressly apply to the Broker(s), and to any amendments or modifications of such provisions to which the Broker(s) agree(s) in writing. |
| 24. | LIABILITY OF TRUSTEE, SHAREHOLDER, BENEFICIARY, etc. | If the SELLER or BUYER executes this agreement in a representative or fiduciary capacity, only the principal or the estate represented shall be bound, and neither the SELLER or BUYER so executing, nor any shareholder or beneficiary of any trust, shall be personally liable for any obligation, express or implied, hereunder. |
| 25. | WARRANTIES AND REPRESENTATIONS (fill in); if none, state "none"; if any listed, indicate by whom each warranty or representation was made | The BUYER acknowledges that the BUYER has not been influenced to enter into this transaction nor has he relied upon any warranties or representations not set forth or incorporated in this agreement or previously made in writing, except for the following additional warranties and representations, if any, made by either the SELLER or the Broker(s): |
| 26. | MORTGAGE CONTINGENCY CLAUSE (omit if not provided for in Offer to Purchase) | In order to help finance the acquisition of said premises, the BUYER shall apply for a conventional bank or other institutional mortgage loan of $320,000.00 at prevailing rates, terms and conditions.  If despite the BUYER's diligent efforts a commitment for such loan cannot be obtained on or before november 19, 2003 the BUYER may terminate this agreement by written notice to the SELLER and/or the Broker(s), as agent(s) for the SELLER, prior to the expiration of such time, whereupon any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto.  In no event will the BUYER be deemed to have used diligent efforts to obtain such commitment unless the BUYER submits a complete mortgage loan application conforming to the foregoing provisions on or before , 20    forewith |

COPYRIGHT © 1979, 1984, 1986, 1987, 1988, 1991 GREATER BOSTON REAL ESTATE BOARD All rights reserved.

| | |
|---|---|
| 27. CONSTRUCTION OF AGREEMENT | This instrument, executed in multiple counterparts, is to be construed as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and enures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be cancelled, modified or amended only by a written instrument executed by both the SELLER and the BUYER. If two or more persons are named herein as BUYER their obligations hereunder shall be joint and several. The captions and marginal notes are used only as a matter of convenience and are not to be considered a part of this agreement or to be used in determining the intent of the parties to it. |
| 28. LEAD PAINT LAW | The parties acknowledge that, under Massachusetts law, whenever a child or children under six years of age resides in any residential premises in which any paint, plaster or other accessible material contains dangerous levels of lead, the owner of said premises must remove or cover said paint, plaster or other material so as to make it inaccessible to children under six years of age. |
| 29. SMOKE DETECTORS | The SELLER shall, at the time of the delivery of the deed, deliver a certificate from the fire department of the city or town in which said premises are located stating that said premises have been equipped with approved smoke detectors in conformity with applicable law. first floor apartment v. vacant |
| 30. ADDITIONAL PROVISIONS | The initialed riders, if any, attached hereto, are incorporated herein by reference. |

Thew first and third floor shall be delivered vacant
Ms. Denise   R Allen by  Broker Henry J.Graves  _HG_  _DRA_
_DENISE R ALLEN_

FOR RESIDENTIAL PROPERTY CONSTRUCTED PRIOR TO 1978, BUYER MUST ALSO HAVE SIGNED
LEAD PAINT "PROPERTY TRANSFER NOTIFICATION CERTIFICATION"

NOTICE: This is a legal document that creates binding obligations. If not understood, consult an attorney.

1

_Denise R Allen_
SELLER
Taxpayer ID/Social Security No. 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

_____
SELLER (or Spouse)
Taxpayer ID/Social Security No. _____

_Henry J. Graves_
Henry J. GRAVES

_Carlton Brown_
BUYER  Carlton Brown
Taxpayer ID/Social Security No. _____

_Patricia Brown_
BUYER  Patricia Brown
PATRICIA BROWN
Taxpayer ID/Social Security No. _____

BROKER(S)  Henry J.Graves  GRRHRG REAL ESTATE

COPYRIGHT © 1979, 1984, 1986, 1987, 1988, 1991 GREATER BOSTON REAL ESTATE BOARD All rights reserved.